IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS <br> AND PIPEFITTERS NATIONAL <br> PENSION FUND, <br><br> Plaintiff, <br> v. <br><br> MONARCH PLUMBING & <br> HEATING CO., <br><br> Defendant. | Civil Action No. 1:14-cv-1767-AJT-MSN |

**REPORT AND RECOMMENDATION**

This matter comes before the court on plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund's ("National Pension Fund") Motion for Default Judgment (Docket no. 8) against defendant Monarch Plumbing & Heating Co. ("Monarch"). Based on plaintiff's memorandum in support and exhibits attached thereto, the magistrate judge recommends that default judgment be entered against defendants in the total amount of $15,632.33.

**I. Procedural Background**

On December 24, 2014, the National Pension Fund filed this action against Monarch for failure to pay contributions pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (Docket no. 1) ("Compl."). The defendant was served by private process server on January 21, 2015. (Docket no. 4). Defendant has not entered an appearance and has not answered or otherwise responded to the complaint, and, on March 20, 2015, the Clerk

entered the default of defendant. (Docket no. 7). On March 27, 2015, the National Pension Fund filed the instant motion for default judgment. On April 17, 2015, the defendant did not appear at the hearing on this motion before the Honorable John F. Anderson, after which the undersigned Magistrate Judge took the matter under advisement.

## II. Standard

As defendant has not answered or otherwise responded in any manner to the complaint and the Clerk has entered its default, the court may order default judgment against defendant. Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and defendant has failed to plead or defend within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts). Accordingly, defendant Monarch Plumbing & Heating Co. has admitted the well-pled allegations of fact contained in the complaint.

## III. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any

district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. In this case, jurisdiction and venue are proper because the National Pension Fund is administered in this district. Compl. ¶¶ 1, 3.

### IV. Facts

The following facts are established by the complaint and by plaintiff's affidavits in support of default judgment.

Plaintiff National Pension Fund is the trustee of a multi-employer employee benefit plan, as defined by ERISA, 29 U.S.C. § 1002(3), (37). Compl. ¶ 1. The National Pension Fund is administered in Alexandria, Virginia, and is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between defendant and United Association Local Union No. 24 ("Local 24"). *Id.*

Defendant Monarch is a New Jersey corporation existing under the laws of the State of New Jersey. Compl. ¶ 2. Defendant transacts business in the State of New Jersey as a contractor or subcontractor in the plumbing and pipefitting industry. *Id.* At all times herein, defendant was an "employer in an industry affecting commerce" as defined by the LMRA, 29 U.S.C. §§ 142(1), (3) and 152(2), ERISA, 29 U.S.C. § 1002(5), (9), (11), (12), (14), and the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a. *Id.* Defendant entered into the aforementioned Collective Bargaining Agreement (the "Agreement") with Local 24, establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. Compl. ¶ 4. As a signatory to the Agreement, defendant is bound by the Restated Agreement and Declaration of Trust ("Trust Agreement") establishing the National Pension Fund. Compl. ¶ 12.

Pursuant to the terms of the Agreement, defendant agreed and is obligated to pay the National Pension Fund certain sums of money for each hour worked by employees of defendant covered by the Agreement.  Compl. ¶¶ 5, 10.  Defendant has failed to make contributions due to the National Pension Fund on behalf of Local 24 members for the months of June 2014 through November 2014.  Compl. ¶ 7.

According to remittance reports submitted by defendant, defendant owes contributions to the National Pension Fund for the months of June 2014 and July 2014 totaling $3,445.89.  Compl. ¶ 8; Aff. of William T. Sweeney, Jr. ¶ 6 (Docket no. 9-1) ("Sweeney Aff.").  Defendant failed to submit remittance reports to the National Pension Fund indicating the contribution amounts owed for the months of August 2014 through November 2014.  Compl. ¶ 9; Sweeney Aff. ¶ 7.  When an employer fails to file proper remittance reports, Article VI, Section 6, of the Trust Agreement authorizes the fund to project the unreported amount at the rate of "the average of the monthly payments actually made by the Employer for the last three (3) months for which the payments were made."  Compl. ¶ 11; Sweeney Aff. ¶ 9.  According to remittance reports from the last three months for which defendant made contributions, and as attested to by William T. Sweeney, Administrator of the National Pension Fund, the projected delinquency for the months of August 2014 through November 2014 is $8,186.40[1].  Compl. ¶ 13; Sweeney Aff. ¶ 11.

Article VI, Section 5, of the Trust Agreement also authorizes the fund to assess against a delinquent employer liquidated damages equal to ten percent of the late contributions and interest at a rate of twelve percent per annum from the date due through the date of payment.  Compl. ¶ 15; Sweeney Aff. ¶ 14.  Through the instant action plaintiff seeks a judgment against Monarch

---

1. This amount was calculated as follows: (03/14) $2,144.34 + (04/14) $2,034.72 + (05/14) $1,960.74 = $6,139.80, divided by 3 = $2,046.60 per month, multiplied by 4 months (08/14 through 11/14).

4

awarding these unpaid contributions, liquidated damages, interest, and attorneys' fees and costs pursuant to the collective bargaining agreement, Trust Agreement, ERISA, and the LMRA.[2]

### V. Discussion and Findings

Having examined the record, the magistrate judge finds that the well-pled allegations of fact contained in the complaint and supported by plaintiff's motion for default judgment and the exhibits attached thereto establish that defendant failed to make contributions to the National Pension Fund on behalf of its Local 24 employees for the months of June 2014 through November 2014. Defendant's failure to make proper contributions is in violation of the collective bargaining agreement, Trust Agreement, ERISA, 29 U.S.C. § 1145, and the LMRA, 29 U.S.C. § 185, and therefore plaintiff is entitled to default judgment in its favor.

Pursuant to the Agreement and ERISA, 29 U.S.C. § 1132(g)(2), plaintiff is entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest on late or unpaid contributions accruing from the date due through the date of payment; and (4) reasonable attorneys' fees and costs incurred in bringing this action. Based on the Sweeney Affidavit and exhibits attached thereto defendant owes the following amounts, exclusive of legal fees:

| *Delinquent Contributions* | *Liquidated Damages* | *Accrued Interest*[3] | *Total* |
|---|---|---|---|
| $11,632.29 | $1,163.23 | $740.52 | **$13,536.04** |

Sweeney Aff. ¶ 15 & App. 1. Based on the Declaration of John R. Harney ("Harney Decl.") and the exhibits attached thereto, plaintiff has incurred attorneys' fees and costs in connection with this

---

2. In Count II of the complaint, plaintiff seeks an order enjoining the violation of the terms of the employee benefit plan and requiring defendant to submit timely contributions and reports to the fund. Plaintiff does not pursue this claim in its motion for default judgment, and therefore the magistrate judge makes no recommendations as to plaintiff's request for injunctive relief.

3. This amount reflects accrued interest through April 17, 2015. The final amount of interest will reflect the actual date of payment.

matter totaling $1,485.00[4] and $611.29, respectively. (Docket no. 9-2). Plaintiff's counsel John R. Harney avers under oath that the following is a true and accurate representation of the attorneys' fees and costs incurred in this proceeding:

|  | *Counsel* | *Paralegal* |
|---|---|---|
| *Rate* | $270.00 | $160.00 |
| *Hours* | 1.50 | 6.75 |
| *Total* | **$405.00** | **$1,080.00** |

| *Complaint Filing Fee* | $400.00 |
|---|---|
| *Process Server Fee* | $110.00 |
| *Computerized Research* | $101.29 |
| *Total* | **$611.29** |

Harney Decl. ¶¶ 1-7 & Apps. 1-2. The magistrate judge has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiff's rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiff is entitled to default judgment and damages in accordance with the following:

| *Delinquent Contributions* | $11,632.29 |
|---|---|
| *Liquidated Damages* | $1,163.23 |
| *Accrued Interest* | $740.52 |
| *Attorneys' Fees & Costs* | $2,096.29 |
| *Total* | **$15,632.33** |

---

4. While the Harney Declaration reflects the amount $1,595.00, this number is based on an error in the time log, which billed one hour of work performed by a paralegal at the higher attorney rate. See Harney Decl. ¶¶ 4-7 & App. 1.

## VI. Recommendation

The magistrate judge recommends that default judgment be entered against defendant Monarch Plumbing & Heating Co. in favor of plaintiff, Trustees of the Plumbers and Pipefitters National Pension Fund, in the amount of $15,632.33, plus interest on delinquent contributions continuing to accrue at twelve percent per annum from April 17, 2015, until full payment is made.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 1, 2015
Alexandria, Virginia